IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ORO CAPITAL ADVISORS, LLC, et al.,** : | |
| : | Case Nos. 2:19-cv-5087 |
| : | 2:19-cv-4907 |
| Plaintiffs, : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge Deavers |
| **BORROR CONSTRUCTION CO., LLC, et al.,** : | |
| : | |
| Defendants. : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiffs' Motion for Order of Contempt and Sanctions (ECF No. 148);[1] and Defendants' Motion for Sanctions (ECF No. 157). For the reasons set forth below, the Court **DENIES** Plaintiffs' Motion (ECF No. 148) and **DENIES** Defendants' Motion (ECF No. 157).

I.   BACKGROUND

Following the Magistrate Judge's Opinion and Order (ECF No. 123) granting in part and denying in part Plaintiffs' initial Motion for Sanctions[2] (ECF No. 109), Plaintiffs—Oro Capital Advisors, LLC, Oro Karric South, LLC, Oro Karric North, LLC, Oro Karric North, LLC, Oro Springburne, LLC, Oro Island Club, SPE Owner, LLC ("collectively, Oro")—filed a subsequent Motion for Contempt and Sanctions (ECF No. 148).[3] There, Plaintiffs allege that Borror again, in violation of the Magistrate Judge's Order (ECF No. 123) presented an unprepared 30(b)(6)

---

[1] Cases 2:19-cv-5087 and 2:19-cv-4907 are related. For ease of reference, unless stated otherwise, this Opinion & Order will refer to the docket of 2:19-cv-5087.
[2] This Court Overruled Borror's Objections to the Magistrate Judge's Order. (*See* ECF No. 172).
[3] The same motion was also filed as ECF No. 92 in Case No. 2:19-cv-04907.

1

witness. (*Id.*). Borror timely filed its Response in Opposition (ECF No. 153); and Oro timely filed its Reply (ECF No. 154).

In addition to directly opposing Oro's motion, Borror filed its own Motion for Sanctions (ECF No. 157). Borror argues that the Court should impose sanctions upon Oro for its conduct leading up to the filing of Oro's Motion for Sanctions as well as for the representations and arguments made in Oro's briefing supporting that request. (*Id.*). Oro timely filed its Response in Opposition (ECF No. 160); and Borror timely filed its Reply (ECF No. 162). These Motions are now ripe for review.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 37(b) authorizes sanctions for a party's failure to obey an order requiring discovery. Sanctions may include directing facts to be taken as established, prohibiting the disobedient party from supporting or opposing designated claims or defenses, striking pleadings, staying proceedings, dismissing the action, rendering default judgment against the disobedient party, or treating as contempt of court the failure to obey any order. Fed. R. Civ. P. 37(b)(2)(A). The Court may also order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure to obey an order. Fed. R. Civ. P. 37(b) (2)(C). In determining an appropriate sanction under Rule 37, "a court may properly consider both punishment and deterrence." *JPMorgan Chase Bank, N.A. v. Neovi, Inc.*, No. 2:06-CV-0095, 2007 WL 1989752, at *4 (S.D. Ohio July 9, 2007). "The burden of proof is on the sanctioned party to establish that its failure to comply was due to inability and not to willfulness, bad faith, or any fault of the party ... [which] includes gross negligence." *Id.* (quotations omitted). Default judgment should be a last resort. *See Phelps v. MacConnell*, No. 3:12CV00344, 2014 WL 2006716, at *2 (S.D. Ohio May 16, 2014).

Federal district courts, generally, have at least three sources of authority to impose sanctions. One is rule based (Rule 11), one is statutory (28 U.S.C. § 1927), and the other is the Court's inherent authority. *See Dubuc v. Green Oak Twp.*, 482 F. App'x 128, 132 (6th Cir. 2012) (inherent authority); *Hall v. Liberty Life Assur. Co. Of Bos.*, 595 F.3d 270, 275 (6th Cir. 2010) (Rule 11 and 28 U.S.C. § 1927). The Sixth Circuit has held that "[a] district court's decision to grant or deny sanctions, whether arising under either 28 U.S.C. § 1927 or Rule 11 of the Federal Rules of Civil Procedure, is reviewed under the abuse-of-discretion standard." *Hall*, 595 F.3d at 275 (citing *Mich. Div.-Monument Builders of N. Am. v. Mich. Cemetery Ass'n*, 524 F.3d 726, 739 (6th Cir. 2008)). The same standard is used to review a court's decision to "impose sanctions under his inherent authority." *Dubuc* 482 F. App'x at 132 (citing *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011)).

Federal Rule of Civil Procedure 11 authorizes district courts to impose sanctions "if a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." *Merritt v. Int'l Ass'n of Machinists & Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010) (quoting *Herron v. Jupiter Transp. Co.*, 858 F.2d 332, 335 (6th Cir. 1988) (internal citations omitted)). Sanctions sought pursuant to Rule 11 must comply with that Rule's safe harbor provision. *See AT&T Corp. v. J&J Schlaegel, Inc.*, No. 3:19-CV-192, 2020 WL 7416944, at *4 (S.D. Ohio Dec. 18, 2020) ("The Sixth Circuit strictly enforces the safe-harbor provision."); *Ridder v. City of Springfield*, 109 F.3d 288, 297 (6th Cir. 1997); *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 768 (6th Cir. 2014) (affirming the denial of sanctions based on the movant's failure to observe the safe harbor provisions in Rule 11).

Sanctions pursuant to 28 U.S.C. § 1927 are appropriate when an attorney is "unreasonably and vexatiously multiplying the proceedings even in the absence of any 'conscious impropriety.'" *Hall*, 595 F.3d at 275 (citing *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 396 (6th Cir. 2009)). The test does not rely on a showing of bad faith; instead, "a court should consider whether 'an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims.'" *Id.* (quoting *Rentz*, 556 F.3d at 396)). Thus, "[a]n award of fees under the statute … requires 'a showing of something less than subjective bad faith, but something more than negligence or incompetence.'" *Id.* (quoting *Rentz*, 556 F.3d at 396))

Finally, "[i]n addition to Rule 11 and 28 U.S.C. § 1927, a district court may award sanctions pursuant to its inherent powers when bad faith occurs." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). Though "district courts are required to articulate a basis for awarding sanctions, nothing requires them to explain their reasons for not ordering sanctions" pursuant to its inherent authority. *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996) (citing *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 417 (6th Cir. 1992), 954 F.2d at 417).

### III. LAW & ANALYSIS

Oro moves for sanctions under 37(b)(2) and 37(d). Specifically, they seek attorney fees for their Motion for Contempt and Sanctions; fees for responding to Borror Objections to the Magistrate Judge's Order; fees and costs for taking the first 30(b)(6) deposition; a finding that Borror spoliated certain evidence with the intent to deprive Oro's use in litigation as well as adverse jury instructions flowing from that finding; dismissal of Borror's counterclaim; estopping Borror from raising defenses regarding spoliation of such evidence; and a $25,000 fine for repeated dilatory conduct and deterrence of additional misconduct. Though Oro cites two subdivisions of

4

Rule 37—37(b) and 37(d)—for authority, they insist they only seeks sanctions pursuant to 37(b) in their Reply.

Borror seeks sanctions for Oro's conduct under Rule 11, 28 U.S.C. § 1927, and the Court's inherent authority. Specifically, Borror contends that Oro's conduct surrounding Oro's own Motion for Sanctions justifies Borror's request. The Court will address each of these Motions in turn.

### A. Oro's Motion for Contempt & Sanctions

#### 1. Failure to Produce 30(b)(6) Witness

Oro asserts that Borror failed to produce a prepared 30(b)(6) witness and as such, failed to comply with a discovery order pursuant to Federal Rule of Civil Procedure 37. Accordingly, Oro seeks remedies under Rule 37(b)(2) and 37(d). Notably, however, Oro seeks to establish a spoliation finding via Borror's inability to produce a prepared 30(b)(6) designee.

Borror argues that though their 30(b)(6) witness is not perfect, his preparation and deposition testimony do not warrant a finding of contempt and certainly cannot support sanctions. Moreover, because Oro did not satisfy the requirements of S.D. Ohio Civ. R. 37.1 and Fed. R. Civ P. 37(d); made false and misleading characterizations of Borror's testimony; and cannot otherwise show that Borror failed to meet their discovery obligations, its motion must be denied.

As set forth in this Court's earlier Opinion and Order (*See* ECF No. 172), S.D. Ohio Civ. R. 37.1 requires movants filing under Federal Rules 26 or 37 to take certain steps before bringing the matter to the attention of the Court. *Asamoah v. Amazon.com Servs.*, Inc., No. 2:20-CV-3305, 2021 WL 3637730, at *5 (S.D. Ohio Aug. 17, 2021) (citing S.D. Ohio Civ. R. 37.1) (Marbley, J.) ("Additionally, Local Rule 37.1 states that before filing a motion …, the parties must exhaust all extrajudicial means for resolving their differences and issues.") Specifically, the rule provides that "[o]bjections, motions, applications, and requests relating to discovery shall not be filed in this

Court under any provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences." S.D. Ohio Civ. R. 37.1. The rule continues: "After extrajudicial means for the resolution of differences about discovery have been exhausted, in lieu of immediately filing a motion under Fed. R. Civ. P. 26 or 37, any party *may* first seek an informal telephone conference with the Judge assigned to supervise discovery in the case." S.D. Ohio Civ. R. 37.1 (emphasis added).

And as noted in this Court's same earlier Opinion and Order (*See* ECF No. 172), S.D. Ohio Civ. R. 1.1(c) empowers Judges in this court with significant discretion concerning such rules. Specifically, that rule provides that the Local Rules "govern practice and procedure ... unless a Judge orders otherwise in a given case." *Emerson Climate Techs., Inc. v. M.P.D., Inc.*, No. 3:15-CV-365, 2016 WL 3637182, at *5 (S.D. Ohio June 29, 2016) (citing S.D. Ohio Civ. R. 1.1(c)).

Here, it is unclear whether Oro moves for sanctions under 37(b)(2) or 37(d), or both, because it purports to seek relief under both provisions in its Motion. (*See* ECF No. 148 at 15) ("Plaintiffs request that, pursuant to Fed. R. Civ. P. 37(b)(2) and 37(d) this Court order the following…."). To the extent Plaintiff moves under 37(d), its Motion fails outright because it failed to include a certification that it either "conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). As "[c]ourts routinely deny Rule 37(d) motions for failure to meet the procedural requirement of including the required certification," this Court sees no good reason to break with this line of authority. *Lankford v. Reladyne, LLC*, No. 1:14-CV-682, 2015 WL 7888390, at *4 (S.D. Ohio Dec. 4, 2015); *see also Laues-Gholston v. Mercedes-Benz Fin. Servs. USA, L.L.C.*, No. CIV.A. 14-10844, 2014 WL 9866450, at *9 (E.D. Mich. Nov. 28, 2014), report and recommendation adopted sub nom. *Laues-Gholston v. Mercedes-Benz Fin. Servs. USA, LLC*, No.

14-CV-10844, 2015 WL 3506691 (E.D. Mich. June 2, 2015); *Casey Wasserman Living Tr. Under Declaration of Tr. Dated June 29, 1999 v. Bowers*, No. 5:09-CV-180-JMH, 2011 WL 2788307, at *2 (E.D. Ky. July 14, 2011). To the extent such relief is requested pursuant to 37(d), Oro's Motion is **DENIED**.

To the extent Oro requests relief pursuant to 37(b)(2), its request is also **DENIED**. Though the Federal Rules do not require such certification—37(b) is silent regarding the obligations of movants seeking such relief—the interaction of this Court's Local Rules and Orders in this case displace that default rule. *See* Fed. R. Civ. P. 37(b). According to Federal of Civil Procedure 83(a), "a district court … may adopt and amend rules governing its practice." Fed. R. Civ. P. 83(a). Further, "[a] local rule must be consistent with—but not duplicate—federal statutes and rules…." Fed. R. Civ. P. 83(a). As noted above, the Southern District of Ohio requires movants filing under Federal Rules 26 or 37 to take certain steps before bringing the matter to the attention of the Court. *Asamoah*, 2021 WL 3637730, at *5. The Local Rules advise litigants that informal conferences with the Court are generally permissive when bringing such motions. Local Rule 1.1(c), however, allows Judges to modify such local rules "in a given case." *Emerson Climate Techs., Inc.*, 2016 WL 3637182, at *5 (citing S.D. Ohio Civ. R. 1.1(c)).

Here, Magistrate Judge Deavers did just that—ordered otherwise in this case. In her Preliminary Pretrial Order she modified the permissive requirement under Local Rule 37.1 by Ordering the parties to arrange a conference with the Court "if the parties are unable to reach an agreement on ***any*** matter related to discovery." (ECF No. 17 at 2) (emphasis added). That is, the general rule that ***permitted*** movants to reach out to the Court regarding such matters was modified by the Magistrate Judge stating that litigants "are ***directed*** to arrange a conference with the Court." (*Id.*). Much like the requirements in 37(d)(1)(B), 37(a), and Local Rule 37.1, the purpose of such

7

a requirement is to maintain effective case management, conserve judicial resources, and avoid the unnecessary burgeoning of collateral disputes leading to discovery sideshows. *See e.g., Save on Energy Sys., Inc. v. Energy Automation Sys., Inc.*, No. 3:09-0228, 2009 WL 2973000, at *1 (M.D. Tenn. Sept. 10, 2009); *Zamboroski v. Karr*, No. CIV A 04-73194, 2006 WL 3253271, at *1 (E.D. Mich. Nov. 8, 2006) ("Most discovery disputes … should be and are resolved without judicial intervention. We appreciate and respect aggressive advocacy, but motions such as this are nothing more than sideshows"); *Tech. Sales Assocs., Inc. v. Ohio Star Forge Co.*, No. 07-11745, 2009 WL 1212809, at *1 (E.D. Mich. May 1, 2009) ("The parties' handling of the matter comes as no great surprise given the history of this litigation and the procedural wrangling that has bogged down the case from the beginning. Now, an electronic discovery dispute has become the sideshow which eclipses the circus."). Because this Motion pursuant to Rule 37(b) is not properly before this Court, it is **DISMISSED WITHOUT PREJUDICE**. Due to the seriousness of the purported spoliation issues, however, this Court addresses these matters separately.

2. Spoliation

District courts have "broad discretion in crafting a proper sanction for spoliation." *Adkins v. Wolever*, 554 F.3d 650, 652 (6th Cir. 2009) (en banc). "Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Black v. Costco Wholesale Corp.*, 542 F. Supp. 3d 750, 752 (M.D. Tenn. 2021) (quoting *Billiter v. SP Plus Corp.*, 329 F. Supp. 3d 459, 465 (M.D. Tenn. 2018)).

Federal Rule of Civil Procedure 37 provides remedies for such conduct. *Black*, 542 F. Supp. 3d at 752. Concerning electronically stored information, the rules state that if such information "should have been preserved in the anticipation ... of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through

8

additional discovery, the court ... may order measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1).  Yet, "an adverse inference instruction is appropriate if the [d]efendants knew the evidence was relevant to some issue at trial and...[their culpable] conduct resulted in its loss or destruction." *EPAC Techs., Inc. v. HarperCollins Christian Publ'g, Inc.*, 398 F. Supp. 3d 258, 278–79 (M.D. Tenn. 2019), aff'd on other grounds, 810 F. App'x 389 (6th Cir. 2020) (quoting *Ross v. Am. Red Cross*, 567 F. App'x 296, 302 (6th Cir. 2014) and *Beaven v. U.S. Dep't of Justice*, 622 F.3d 540, 553 (6th Cir. 2010)); *see also Black*, 542 F. Supp. 3d at 752 ("And if the court finds that the party acted with the ***intent to deprive another party of the information's use in the litigation***, it may: (1) presume that the lost information was unfavorable to the party; (2) instruct the jury that it may or must presume the information was unfavorable to the party; or (3) dismiss the action or enter a default judgment.") (emphasis added).

"[T]o establish [such] severe sanctions, such as default judgment or adverse inferences, are warranted, a party must show that: '(1) the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) the evidence was destroyed with a culpable state of mind; and (3) the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense.'" *Black v. Costco Wholesale Corp.*, 542 F. Supp. 3d 750, 753 (M.D. Tenn. 2021) (quoting *Billiter*, 329 F.Supp.3d at 466); *see also Yoder & Frey Auctioneers, Inc. v. EquipmentFacts, LLC*, 774 F.3d 1065, 1070 (6th Cir. 2014)).

Assuming Oro can demonstrate the evidence has been destroyed (or that Borror failed to preserve it)[4] and that they can meet the first element of the test set forth above, Oro still falls woefully short on the remaining requirements.  They do not even attempt to explain the relevance

---

[4] Plaintiffs refer to the act in question as "spoliation or potential spoliation."  (ECF No. 148 at 3).

of the information they claim is wrongfully missing, as is required by the third prong. *See Black*, 542 F. Supp. 3d at 753. Additionally, they do not even appear to argue that Borror intended to destroy this information, which is required under prong 2. *Id.* Instead, they attempt to leverage the alleged poor performance of a 30(b)(6) witness to sidestep these difficult requirements. Indeed, Oro simply requests a finding from the Court that Borror spoliated evidence and "did so with an intent to deprive Oro of the information" because Borror's witness was allegedly unprepared. (ECF No. 148 at 15). Oro has cited little authority demonstrating that this is an appropriate remedy.

Moreover, from the information presented it is not clear that the destruction was intentional or even done by Borror. Indeed, Borror states that its email vendor unintentionally deleted archived emails. Instead of presenting evidence or argument going toward Borror's intent to destroy (or fail to preserve) such evidence, Oro, absent relevant authority, asks the Court to presume that Borror's alleged purposeful lack of preparation on this subject means that Borror did indeed spoliate with the intent to deprive Oro of relevant information. This argument proves too much. Without more on whether Borror actually spoliated the information with the intent to deprive, it is not appropriate to impose sanctions that dispose of claims or defenses, or otherwise result in an adverse jury instruction. Though the Court declines to foreclose any additional argument on these issues entirely, Oro must present a much less attenuated argument to carry their burden to secure the relief they seek.

Accordingly, the Court **DENIES WITHOUT PREJUDICE** Oro's request for an adverse instruction, dismissal of Borror's counterclaim, and estopping Borror from presenting defenses to spoliation.

### B. Borror's Motion for Sanctions

Borror moves for sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, and the inherent authority of federal district courts. (ECF No. 157 at 1). Borror moves for sanctions based on Oro's alleged violation of Local Rule 37.1, representations Oro made in their own briefing seeking sanctions, as well as the purported lack of legal support regarding such sought after relief. Overall, Borror argues that this behavior warrants sanctions under any or all avenues available to this Court.

Oro responds by arguing that the conduct alleged by Borror is either untrue or mischaracterized. Because Borror contends that it neither unreasonably nor vexatiously multiplied proceedings nor engaged in actions to delay, sanctions are neither warranted pursuant to this Court's inherent authority nor 28 U.S.C. § 1927. Further, Rule 11 sanctions are inapplicable because the underlying matter involves discovery and such sanctions are explicitly excepted from being applied to issues arising involving discovery.

Borror's Rule 11 Motion for Sanctions violates the procedural requirements of Rule 11(b). "Rule 11 … requires that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." *Wayne Watson Enterprises, LLC v. City of Cambridge*, No. 2:15-CV-02679, 2018 WL 1557246, at *3 (S.D. Ohio Mar. 30, 2018) (Marbley, J.) (citing Fed R. Civ. P. 11(c)(2)). This court has previously found that when a movant's motion for sanctions under Rule 11 includes requests pursuant to 28 U.S.C. § 1927, this violates the plain language of Rule 11(b). Accordingly, Borror's Motion for Rule 11 Sanctions is **DENIED.**

With regard to Borror's Motion for Sanctions pursuant to 28 U.S.C. § 1927, the motion for sanctions/contempt filed by Oro "falls short of the standard required to grant costs and fees under section 1927." *Hollingsworth v. Ford Motor Co. & Int'l Union, United Auto., Aerospace, & Agr.*

11

*Implement Workers of Am., Loc. 600*, No. 13-11625, 2014 WL 7204955, at *13 (E.D. Mich. Dec. 17, 2014), aff'd on other grounds sub nom. *Hollingsworth v. Ford Motor Co.*, 644 F. App'x 496 (6th Cir. 2016).

As noted above, Oro raised concerns to the Court regarding issues of potential spoliation. It negotiated with Borror to expand the initial scope of discovery to ensure these issues were fully explored. Indeed, Oro was not totally off the mark in seeking such information, as evidenced by the fact that Borror did in-fact appear to lose custody of two email accounts that Oro insists are relevant to its case: Weaver's and Rankey's. Borror does not deny that it no longer has custody of this information, it instead proffers explanations as to why it was neither required to keep such information: for Weaver, Borror says she left eight months prior to Oro sending a litigation hold letter; and in the case of Rankey, Borror simply states that his email accounts were inexplicably deleted by its email vendor. Moreover, Oro prevailed on their initial Motion for Sanctions that resulted in the subsequent deposition of Borror's 30(b)(6) witness. Though Oro does not prevail on their subsequent Motion for Sanctions, it is difficult to argue, when considered alongside the above context, that its tactics were necessarily frivolous or needlessly obstructing the litigation of non-frivolous claims. Although Oro's conduct could, at times, be characterized as being unnecessarily aggressive in its pursuit of the missing information, the conduct of Borror (or Borror's vendor) resulted in the absence of the information in the first place. Though Oro has not demonstrated that Borror intended to spoliate such evidence, it appears that both sides have been too willing to resort to an extreme remedy (*i.e.*, sanctions or contempt) when a moderate option would suffice.

Finally, the Court declines to impose sanctions pursuant to its inherent authority. Though the Sixth Circuit has held that no reason must be articulated when a district court opts not to invoke

its inherent sanction authority, *Runfola & Assocs., Inc.*, 88 F.3d at 375 (citing *Orlett*, 954 F.2d at 417), bad faith is the standard. Because this standard is higher than that of sanctions pursuant to 28 U.S.C. § 1927 and this Court found that such sanctions were inappropriate, sanctions pursuant to its inherent authority is similarly unwarranted. Accordingly, Borror's Motion for Sanctions pursuant to this Court's inherent authority is **DENIED**.

## IV. CONCLUSION

For the reasons set forth above, the Court **DENIES** Oro's Motion (ECF No. 148) and **DENIES** Borror's Motion (ECF No. 157). Specifically, the Court **DENIES** Oro's request for contempt and fees for Oro's first 30(b)(6) deposition;[5] **DENIES WITHOUT PREJUDICE** Oro's request for an adverse instruction, dismissal of Borror's counterclaim, and estopping Borror from presenting defenses to spoliation; **DENIES AS MOOT** Oro's request for fees and expenses for Responding to Oro's Objection to the Magistrate Judge's Order; and **DENIES** Oro's request for a $25,000 sanction for repeated dilatory conduct. Further, Borror's Motion for Sanctions is also **DENIED**.

**IT IS SO ORDERED.**

                                                                **ALGENON L. MARBLEY**
                                                                 **CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: September 19, 2022**

---

[5] The Court granted Oro leave to seek fees for the First Motion for Sanctions and fees and expenses related to the 30(b)(6) deposition. (*See* ECF No. 172). To the extent Oro is seeking the same relief it is **DENIED AS MOOT**; if this Motion is seeking the fees and expenses for another 30(b)(6) deposition it is **DENIED**.